IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DANNY BENNETT, | : |
| Plaintiff, | : |
| v. | : Case No. 7:25-cv-124-WLS-ALS |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | : |
| Defendants. | : |

**ORDER**

*Pro se* Plaintiff Danny Bennett, an inmate currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a handwritten document, which has been docketed as a civil rights complaint under 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff did not submit his pleading on the required § 1983 complaint form, pay the filing fee, or move to proceed *in forma pauperis* ("IFP"). Accordingly, Plaintiff is **ORDERED** to (1) recast his complaint on a standard form, and (2) either pay the $405.00 filing fee in full or submit a properly completed motion to proceed IFP within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff must complete the entire IFP application by thoroughly filling out the motion and declaration, as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for this case.

---

[1] Plaintiff initially filed this document in the United States District Court for the Northern District of Georgia, which transferred the case to this Court. (Docs. 2, 3).

Because Plaintiff is a prisoner, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915A, which requires the Court to review every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* §1915A(b). Plaintiff is also **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

When drafting his statement of claims on the Court's form, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) that violated your constitutional or federal statutory rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6)  *What* relief do you seek from this defendant?

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim may be dismissed. **Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form.

To reiterate, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form and a copy of the Court's standard *in forma pauperis* application and associated documents with this Order. While this action is pending, Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. There shall be no service of process until further order of the Court. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 4th day of November, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE